IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DIANA MICELI                                                                                          PLAINTIFF

vs.                                            CIVIL NO. 03-1024

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                                          DEFENDANT

**MEMORANDUM OPINION**

Diana Miceli ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits ("DIB"), and supplemental security income benefits ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were protectively filed on September 9, 1998,[1] alleging an onset date of April 30, 1997, due to panic disorder with agoraphobia, anxiety, and depression. (Tr. 202-206, 295-298). An administrative hearing was held on February 8, 2000. (Tr. 306-327). Plaintiff was present and represented by counsel.

On May 26, 2000, the Administrative Law Judge ("ALJ"), issued a written opinion finding that, although severe, plaintiff's impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 17). At this time, plaintiff was thirty-eight years old and possessed a ninth grade level education. (Tr. 348). The record reveals that

---

[1]Records indicate that plaintiff had filed a previous application for DIB in October 1993, alleging disability since June 15, 1993. The application was denied initially, and on reconsideration on April 25, 1994. (Tr. 53-54). Plaintiff failed to seek further administrative review of this decision. (Tr. 53-54).

she has past relevant work ("PRW"), as a certified nurse's assistant, a delivery person, and a fast food cashier/cook. (Tr. 12).

After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ( "RFC"), to perform all work-related activities, except for work involving a highly stressful environment. (Tr. 17). As her PRW as a clerical worker did not require the performance of work-related activities precluded by her RFC, the ALJ concluded that she could return to that position. (Tr. 17).

On September 9, 2004, the Appeals Council declined to review this decision. (Tr. 7-8). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 15, 16).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words,

if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

AO72A
(Rev. 8/82)

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

In the present case, the ALJ determined that plaintiff could perform all work-related activities, except for work involving a highly stressful environment. (Tr. 17). However, he failed to consider and address Mental RFC assessments contained in the file, that indicated that plaintiff could only perform work where the interpersonal contact was incidental to the work performed; the complexity of the tasks was learned; the tasks required little judgment; and, the supervision required was simple, direct, and concrete. (Tr. 45, 266). In addition, the ALJ failed to properly consider the fact that

4

plaintiff was noted to have moderate limitations in the areas of understanding, remembering, and carrying out detailed instructions; maintaining attention for extended periods of time; completing a normal workday and work week without interruption; interacting appropriately with the general public; accepting instructions and criticism from supervisors; setting realistic goals; and, making plans independently of others. (Tr. 264-265, 286-287).

The medical evidence indicates that plaintiff has been consistently treated for panic disorder with agoraphobia, anxiety, and depression. (Tr. 268-284, 290-294). She reported experiencing her first panic attack at the age of fifteen. (Tr. 273). Plaintiff's treatment has consisted of Xanax, Prozac, Zoloft, and therapy. (Tr. 268-284, 290-294). However, in spite of her treatment, plaintiff has continued to experience panic attacks when driving and going to public places. (Tr. 253, 273, 293). Accordingly, we believe that remand is necessary to allow the ALJ to reconsider the evidence concerning plaintiff's mental impairment and, in so doing, to reevaluate his RFC assessment. Due to plaintiff's non-exertional limitations, on remand, the ALJ should also call a vocational expert to testify concerning the types of positions that plaintiff can still perform, if any.

Also of significance is the fact that the ALJ did not perform a proper *Polaski* analysis. In determining whether the ALJ properly disregarded Plaintiff's subjective complaints of pain, the Court must determine if the ALJ properly followed the requirements of *Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)* (subsequent history omitted), in evaluating her pain and credibility.

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original).*

However, in addition to the requirement that the ALJ consider the Plaintiff's allegations of pain, he also has a statutory duty to assess the credibility of plaintiff and other witnesses. *Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992).* The ALJ may discredit subjective complaints of pain inconsistent with the record as a whole. *Ownbey v. Shalala, 5 F.3d 342, 344 (8th Cir. 1993).*

Here, the ALJ dismissed plaintiff's subjective complaints by merely stating that they were inconsistent with the record. (Tr. 16). He did not point to specific medical or testimonial evidence in the record that contradicted her complaints. In fact, the ALJ also failed to include a proper analysis of the medical evidence. Therefore, on remand the ALJ should discuss the relevant medical evidence, and re-evaluate plaintiff's subjective allegations in accordance with *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), specifically discussing each *Polaski* factor in the context of plaintiff's particular case.

We also note that the only mental RFC assessments contained in the file were completed by non-examining, consultative psychologists. We further note, that the opinion of a consulting physician who examined the plaintiff once, or not at all, does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). As this plaintiff carries a

diagnosis of panic disorder with agoraphobia, anxiety, and depression, and has been regularly treated by a counselor and a psychiatrist, we believe that the case should be remanded to allow the ALJ to obtain mental RFC assessments from plaintiff's treating sources.

Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians and psychologists who have evaluated and/or treated plaintiff, asking them to review plaintiff's medical records; complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, provide the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). In addition, on remand, the ALJ is also directed to perform a proper fibromyalgia evaluation to determine the severity of plaintiff's impairment.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 28th day of February 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)