IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DIANA MICELI                                                                    PLAINTIFF

            v.                        Civil No. 03-1024

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                         DEFENDANT

## MEMORANDUM OPINION

On February 25, 2003, Plaintiff, Diana Miceli, appealed to this Court from the denial of

her application for social security disability benefits, by the Commissioner of the Social

Security Administration (hereinafter "Commissioner")(Doc. #1).  On February 28, 2006, the

undersigned remanded this matter to the Commissioner for further consideration (Doc. #17 &

18).

Plaintiff's attorney, Tylar C.M. Tapp, III, filed a Motion For Attorney's Fees pursuant to

the EAJA (the *Equal Access to Justice Act*, hereinafter the "*EAJA*"), on March 13 & 21, 2006

(Doc. #19-21).  On March 23, 2006, the Commissioner filed her Response (Doc. #22 ).  This

matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The Commissioner has the burden of proving that the denial of benefits

was substantially justified.  *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986).*

Plaintiff is the prevailing party in this matter.   The Commissioner does not oppose the

award of a reasonable attorney's fee under the *EAJA* or the hourly rate requested (Doc. #22).

The Court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified." However, the undersigned notes that the Commissioner does object to the number of hours for which compensation is sought.

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).* Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).*

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen*

AO72A
(Rev. 8/82)

*v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984)*.

However, the *EAJA* is not designed to reimburse without limit. *Pierce v. Underwood, 487 U.S. 552, 573 (1988)*. The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir.1991),* quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989)*. The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. See *Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.1992)* ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. § 2 412(d)(2)(A)*. The *EAJA* further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." *28 U.S.C. § 2412(d)(1)(B)*. Attorneys seeking fees under federal fee-shifting statutes such as the *EAJA* are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)*.

Plaintiff's attorney requests an award under the *EAJA* at $125.00 per hour, for the 29.25 hours which he asserts he devoted to the representation of plaintiff in this Court. Plaintiff's counsel seeks $125.00 and does not seek an enhanced hourly rate or assert that there has ben an increase in the cost of living (Doc. #19-21).

-3-

The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. *Hensley v. Eckerhart, 461 U.S. at 437.*

28 U.S.C.A. § 2412(d)(2)(A) provides:

"fees and other expenses" includes....reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that....(ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's counsel failed to argue that there has been an increase in the cost of living. Likewise, counsel failed to attach evidence of an increased cost of living, such as a summary of the Consumer Price Index, to his Motion for Attorney's Fees (Doc. #19-21). Therefore, in the absence of evidence of an increased cost of living, his request for attorney fees in the amount of $125 per hour is reasonable. The Commissioner has no objection to the hourly rate requested, $125.00 per hour.

We conclude that awarding the statutory fee of $125.00 per hour, without evidence of an increase in the cost of living, would promote consistency in the *EAJA* awards in the judicial districts of Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990).* Thus, upon consideration of the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $125.00 per hour.

Further, as has been noted, the defendant objects to the number of hours for which counsel seeks a fee award (Doc. #22). As always, we have carefully reviewed the time records submitted in plaintiff's counsel's itemization (Doc. #19, Attachment 2). Specifically, the Commissioner objects to compensation for tasks which did not occur while the case was

-4-

pending before the district court and/or tasks which do not require an attorney's expertise (Doc. #22).

Counsel seeks compensation for 13.00 hours between the dates of February 13, 2002 and December 23, 2002 (Doc. #19, attachment 2). Plaintiff's counsel did not file the complaint bringing this action before the district court until February 25, 2003 (Doc. #1). Thus, we find that counsel is not entitled to compensation for the time requested, as it was not performed in representation of the plaintiff in the district court. See *Cornella v. Schweiker, 728 F.2d 978, 988 (8th Cir.1984); see also, Shalala v. Schaefer, 509 U.S. 292 (1993); Sullivan v. Hudson, 490 U.S. 877 (1989)* (An attorney is entitled to *EAJA* fees for services rendered at the district court level). Accordingly, the 13.00 hours, alleged for services not performed before the District Court, must be deducted from the 29.25 hours sought by counsel. We find the remainder of the time asserted to be spent in representation of the plaintiff before the district court, to be reasonable.

Thus, we find that plaintiff's counsel is entitled to compensation for 16.25 hours spent in the representation of this plaintiff before the district court. at the rate of $125.00 per hour, for a total attorney's fee award of $2,031.25 under the *EAJA*.

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 22nd day of June, 2006.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)